UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80618-CIV-CANNON

**AJ RUIZ CONSULTORIA EMPRESARIAL S.A.**
as judicial administrator and foreign representative of
TINTO HOLDING LTDA.,

    Plaintiff,
v.

**COLORADO INVESTMENT HOLDINGS, LLC** *et al.*,

    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO
PARTIALLY WITHDRAW REFERENCE TO BANKRUPTCY COURT**

**THIS CAUSE** comes before the Court upon Plaintiff AJ Ruiz Consultoria Empresarial S.A.'s Motion to Withdraw In Part Reference to Bankruptcy Court [ECF No. 1]. In its Amended Adversary Complaint in the Bankruptcy Court, Plaintiff has demanded a jury trial for its claims arising under New York law, the Brazilian Civil Code, and Brazilian Bankruptcy law [ECF Nos. 1, 1-4]. Plaintiff seeks withdrawal of the reference to the Bankruptcy Court solely for purposes of jury trial but otherwise consents to the Bankruptcy Court's management of this action, resolution of dispositive motions, and entry of final orders [ECF No. 1 pp. 1–3]. Defendants' Motion to Dismiss is pending before the Bankruptcy Court [ECF No. 2-1 (Dkt. Nos. 67, 101)].[1] The Bankruptcy Court's prior Scheduling Order stated that a party must move to withdraw the reference to the Bankruptcy Court within two days of the Scheduling Conference or waive the

---

[1] The Court uses "ECF No." to refer to docket entries in this proceeding and "Dkt. No." to refer to docket entries in the associated proceeding before the Bankruptcy Court.

right to jury trial [ECF No. 2-1 (Dkt. No. 4)].[2]  The Bankruptcy Court's Amended Scheduling Order contains no such waiver provision, but Plaintiff brings this Motion now "out of an abundance of caution" [ECF No. 1 p. 1 n.1 (citing Dkt. No. 101)].

Under 28 U.S.C. § 157(d), a district court may, for cause, withdraw the reference of a case or proceeding in bankruptcy.  That provision provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Congress has not provided a definition or an explanation of the "cause" required for permissive withdrawal under 28 U.S.C. § 157(d), but the Eleventh Circuit has stated that cause "is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). "In determining whether cause exists, a district court should consider goals such as: (1) uniformity in bankruptcy administration; (2) decreasing forum shopping; (3) efficient use of resources of the courts and the parties; and (4) the avoidance of delay." *In re Armenta*, No. 13-15047-BKC-RBR, 2013 WL 4786584, at *1 (S.D. Fla. Sept. 6, 2013) (citing *Dionne v. Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) and *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004)).  "The district court should also examine whether a jury demand has been made and whether the claims are core or non-core." *Id.* (citing *Holmes*, 315 F. Supp. 2d at 1381).

---

[2] The Bankruptcy Court's initial Scheduling Order (Dkt. No. 71) has since has been amended, but the order amending does not extend any other deadlines in the adversary proceeding (Dkt. No. 101).

The Court has considered the arguments made by Plaintiff in favor of withdrawing the reference for purposes of jury trial only [ECF No. 1]. Plaintiff is not requesting that this Court resolve case-dispositive or handle any other pretrial matters [ECF No. 1]. Plaintiff also notes that it seeks withdrawal of the reference only to the extent that the parties do not consent to trial before the Bankruptcy Court later [ECF No. 1 p. 2 ("Plaintiff seeks to withdraw the reference solely for purposes of the jury trial in this matter and only if all parties do not consent to a jury trial before the Bankruptcy Court")]. In sum, Plaintiff brings this Motion solely to avoid waiver of its right to a jury trial under the Bankruptcy Court's prior Scheduling Order [ECF No. 1 p. 2 n.1 ("Plaintiff brings this Motion now solely to preserve its rights if the Court intended for today to remain the deadline for moving to withdraw the reference.")]. Defendant Colorado Investment Holdings, LLC ("Colorado"), for its part, objects to the withdrawal of reference [ECF No. 1-2]. Colorado principally argues that Plaintiff is not entitled to a jury trial on its claims under Brazilian law, which it contends should be considered equitable in nature [ECF No. 1-2 pp. 6–8].[3] In the alternative, Colorado argues that the question whether to withdraw the reference should at least be deferred until the Bankruptcy Court rules on the pending Motion to Dismiss [ECF No. 1-2 p. 11].

The above-mentioned factors and other pragmatic considerations favor denying the Motion to Withdraw at this time, without prejudice to Plaintiff's assertion of a constitutional right to a jury trial or to Plaintiff's right under 28 U.S.C. § 157(d) to seek withdrawal of the reference to the Bankruptcy Court for purposes of any such jury trial. "Allowing the bankruptcy court to shepherd a case through its pretrial stages, including the resolution of dispositive issues, 'is consistent with

---

[3] The Court declines to decide at this juncture whether Plaintiff is entitled to a jury trial on its Brazilian law claims. As stated below, that determination is referred to the Bankruptcy Court for a report and recommendation, if the case becomes ready for trial and the parties do not consent to trial before the Bankruptcy Court.

Congress' intent . . . .'" *Armenta*, 2013 WL 4786584, at *2. Judicial economy and conservation of party resources are promoted by leveraging the Bankruptcy Court's familiarity with the facts of this adversary proceeding and expertise in the law to reach an efficient result. *In re Rothstein, Rosenfeldt, Adler, P.A.*, No. 11-62312-CIV, 2012 WL 882497, at *4 (S.D. Fla. Mar. 14, 2012). Even if there were cause for withdrawing the reference for purposes of jury trial only, that request is presently premature and will become appropriate for resolution when the case becomes ready for trial. *Armenta*, 2013 WL 4786584, at *2 (denying motion to withdraw as premature where there was a pending motion to dismiss in the adversary proceeding). As all parties agree, the adversary proceeding remains in its early stages, there is a pending Motion to Dismiss, and Plaintiff has yet to decide whether it consents to trial before the Bankruptcy Court (and, as noted previously, Plaintiff appears to be at least open to doing so) [ECF No. 1 p. 2].

In light of these considerations and the parties' agreement that the withdrawal of reference should be deferred until the case is ready for trial, the Court denies the Motion to Withdraw without prejudice, to be refiled, as appropriate, when the case becomes ready for trial.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Withdraw In Part [ECF No. 1] is **DENIED WITHOUT PREJUDICE** in accordance with this Order, and notwithstanding any prior or existing deadline by the Bankruptcy Court to file a motion to withdraw reference. If and when this adversary proceeding requires a jury trial, any party may renew the motion to withdraw the reference.

2. In addition, if the issue arises before the Bankruptcy Court and the parties do not otherwise consent to a trial before the Bankruptcy Court, the Court **REFERS** to the Bankruptcy Court for a report and recommendation the determination of whether Plaintiff's claims arising

under Brazilian law are legal causes of action, thus entitling Plaintiff to a jury trial on those claims. *See* Fed. R. Civ. P. 39.

3. The Court **DIRECTS** the Clerk to administratively close this matter pending further pretrial proceedings before the Bankruptcy Court.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 29th day of May 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record